IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-16-78 |
| | * | |
| CLAVON SMITH | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Clavon Smith's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 171), requesting that his sentence be reduced to time served. Smith seeks relief on the basis that FCI Morgantown, where he is currently incarcerated, is at risk of experiencing a COVID-19 outbreak.

The court is not persuaded that Smith's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Smith does not state that he has any underlying medical conditions that would increase his risk of severe illness related to COVID-19. While the court acknowledges Smith's concern that the COVID-19 illness will reach FCI Morgantown (indeed, FCI Morgantown has had nine inmates test positive for the virus, *see COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Oct. 5, 2020)), without evidence that Smith

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria— to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–24 (D. Md. 2020) (citing cases).

himself is particularly vulnerable to COVID-19, the court does not find that the current conditions at FCI Morgantown *alone* constitute an "extraordinary and compelling" reason for his release.

Accordingly, Smith's motion for compassionate release (ECF 171) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __6th__ day of October, 2020.

                                                                                  /S/
                                              Catherine C. Blake
                                              United States District Judge