IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-16-78 |
| | * | |
| CLAVON SMITH | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Clavon Smith's second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 175). Smith seeks relief on the basis that his health condition, namely that he is overweight, bordering on obese, put him at risk of serious illness from COVID-19 and that FCI Morgantown, where he is currently incarcerated, has had an outbreak of the coronavirus.

The court may consider a defendant's compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. See 18 U.S.C. § 3582(c)(1)(A)(i).[1]

It appears Smith has properly exhausted his administrative remedies as more than 30 days have elapsed since his initial request for compassionate release to his warden. (ECF 179-1). Though Smith's

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

medical records indicate his weight, they do not disclose his height; thus Smith's BMI remains somewhat unclear to the court. Nevertheless, the court will assume he is at a BMI of 29.1 (ECF 179) as he states, and the court also notes Smith's medical records indicate he has a history of smoking. These health conditions in light of the current coronavirus pandemic may present an "extraordinary and compelling" reason for his release, *see, e.g.*, *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *2 (D. Md. Nov. 24, 2020). The court will deny Smith's motion, however, because the balance of the § 3553(a) factors does not weigh in favor of his release.

Smith is thirty-six years old and is serving a 108-month sentence for conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. (ECF 125, Judgment). This offense was serious. Smith was a member of the Brick City drug trafficking organization and admitted pursuant to his plea agreement that, over the course of several months in 2015, it was reasonably foreseeable to him that the conspiracy would distribute at least 399 grams of heroin. (ECF 115, Plea Agreement, Statement of Facts). This was Smith's fifth conviction involving drug distribution, and he was on supervised release when he committed the instant offense. (ECF 120, Presentence Report ¶¶ 19–51). While the court is certainly sympathetic to Mr. Smith's concern that he is at risk of severe illness from COVID-19, and appreciates that he is doing well with his programming, the court is not prepared to agree that a reduction in sentence to time served, at 51 months, is sufficient to reflect the nature, circumstances, and seriousness of the offense, promote respect for the law, or afford adequate deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Accordingly, the motion for reconsideration (ECF 175) is Denied.

So Ordered this __7th__ day of May, 2021.

                                                 /S/_____
                                          Catherine C. Blake
                                          United States District Judge